UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA MANZANO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MATHIAS MORGAN MANAGEMENT COMPANY, LLC, *et al.*<br><br>　　　　　　　　　　Defendants. | Case No.: 20cv0121-L-AGS<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

On January 8, 2020, Defendants removed this wage and hour action from State court pursuant to 28 U.S.C. §§1332 and 1441. The action was filed as case no. 20cv63, and remanded because Defendants failed to establish the citizenship of all parties. (Case no. 20cv63, doc. no. 3.) On January 17, 2020, Defendants again removed the action. For the reasons stated below, the action is remanded.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed

against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing removal jurisdiction is on the removing party. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682-85 (9th Cir. 2006).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . .." 28 U.S.C. § 1441(a). Defendants' notice of removal is based on 28 U.S.C. §1332. Under section 1332(a), original jurisdiction exists in cases where the amount in controversy exceeds $75,000 and the case is "between citizens of different states." To meet the requirement of diversity of citizenship, Defendants must show "complete diversity of citizenship." *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996). This requirement is met when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Id.*

The removing party is required to allege diversity, which includes "alleg[ing] affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert,* 265 F.3d 853, 857 (9th Cir. 2001). According to the underlying complaint, Plaintiff is a citizen of California. (Doc. no. 1-6 at 4 (Complaint at 2); *see also* doc. no. 1 at 5 (Notice of Removal at 5).) Defendants Ellison and Jill Morgan are citizens of Oregon. (Doc. no. 1-6 at 169 (Decl. of Jill Morgan at 2).) Defendant Mathias Morgan Management Company, LLC ("MMMC") is a limited liability company. (*Id.*) For purposes of diversity jurisdiction the citizenship of a limited liability company is determined by examining the citizenship of each of its members. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Properties Anchorage. L.P.*, 437 F.3d 894, 899 (9th Cir. 2006). Defendants represent that MMMC "is a single member limited liability company," its sole member and manager being Jill Morgan. (Doc. no. 1 at 5 (Notice of Removal at 4).) Although they cite to Exhibits 12 and 13, the exhibits, Oregon Secretary of State, Business Entry Data and Amended Annual Report (doc. no. 1-6 at 163-65), and Ms. Morgan's declaration (doc. no. 1-6 at 168-70) do not support the assertion that she is MMMC's sole member. Defendants rely on the same declaration they filed in support of the previous unsuccessful removal. (*Cf.* case no. 20cv63, doc. no. 1-2 at 40-42; case no.

20cv121, doc. no. 1-6 at 168-170 (both dated Jan. 8, 2020).) Accordingly, Defendants have not met their burden to establish MMMC's citizenship and allege the citizenship of all parties. The notice of removal fails to establish federal jurisdiction.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This action is therefore remanded to the Superior Court of the State of California for the County of San Diego.

**IT IS SO ORDERED.**

Dated: February 4, 2020

_____
Hon. M. James Lorenz
United States District Judge